UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

JEREMIAH YOUNG,

    Plaintiff,

vs.

JOHN W. KESSLER, *et al.*,

    Defendants.

Case No. 3:18-cv-109

District Judge Walter H. Rice
Magistrate Judge Michael J. Newman

---

**REPORT AND RECOMMENDATION[1] THAT: (1) *PRO SE* PLAINTIFF'S COMPLAINT (DOC. 1-2) BE DISMISSED WITH PREJUDICE; AND (2) THIS CASE BE TERMINATED ON THE COURT'S DOCKET**

---

This civil case is before the Court for a *sua sponte* review -- pursuant to 28 U.S.C. § 1915(e)(2) -- of the complaint filed by *pro se* Plaintiff Jeremiah Young ("Young"). Young filed a motion for leave to proceed *in forma pauperis* ("IFP") on April 9, 2018 (doc. 1), which the Court granted. *See* Notation Order dated April 12, 2018. The Court, however, held service of the complaint pending a review under § 1915(e)(2). *Id.* It is appropriate for the Court to conduct this review *sua sponte* prior to issuance of process "so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

**I.**

In accordance with 28 U.S.C. §1915(e)(2), this Court must perform an initial review of the instant action. *McGore v. Wrigglesworth*, 114 F.3d 601, 604-05 (6th Cir. 1997). Upon review, the Court must dismiss any case it determines is "frivolous or malicious," fails to state a

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A complaint should be dismissed as frivolous if it lacks an arguable basis in law or fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke*, 490 U.S. at 325. A plaintiff sets forth no arguable factual basis where the allegations asserted are "fantastic or delusional"; and presents no arguable legal basis when advancing "indisputably meritless" legal theories, *i.e.*, when the defendant is immune from suit, or when the plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327-28; *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000). Courts may also dismiss a complaint *sua sponte* for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

In conducting this initial review under § 1915, the Court accepts *pro se* Plaintiff's allegations as true and construes them liberally in his favor. *See Donald v. Marshall*, No. 84-3231, 1985 WL 13183, at *1 (6th Cir. Apr. 5, 1985) (stating that, "[w]hen considering a *pro se* action for dismissal pursuant to 28 U.S.C. § 1915(d), the complaint should be liberally construed and the allegations of the complaint must be taken as true and construed in favor of the plaintiff"). However, while *pro se* pleadings are "to be liberally construed" and are "held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*), *pro se* plaintiffs must still satisfy basic pleading requirements. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

**II.**

Young was indicted on charges of rape and felonious sexual assault by a grand jury in the Montgomery County, Ohio Court of Common Pleas on January 6, 2000. Doc. 1 at PageID 5. The criminal case was subsequently assigned to Montgomery County Common Pleas Judge John W. Kessler. Doc. 1-2 at PageID 10. Young was represented by Defendant Alan D. Gable in the criminal proceedings. *Id*. Defendants Michele D. Phipps and Kenneth R. Pohlman were

prosecuting attorneys representing the State of Ohio. *Id*. Subsequent to Young's sentencing, Defendant Montgomery County Common Pleas Judge Mary L. Wiseman overruled Young's motion to vacate his sentence. *Id.*

Young contends that Defendants all conspired to deprive him of due process of law by proceeding with prosecution of the allegedly unlawfully instituted criminal charges. *Id*. Young was ultimately convicted and, on June 9, 2000, was sentenced to life in state prison. *Id*.

On April 9, 2018, Young filed this action in federal court purporting to assert civil rights and civil conspiracy claims against Defendants under 42 U.S.C. § 1985(2). *Id*. at PageID 9. However, because there are no specific factual allegations of witness intimidation or discrimination against Young as a member of a protected class, the undersigned liberally construes Young's claims as alleging a civil conspiracy under 42 U.S.C. § 1983, not § 1985(2).[2] *See Fannon v. Patterson*, No. 3:13-CV-14, 2014 WL 4273337, at *6 n.9 (S.D. Ohio Aug. 29, 2014) (citing *Fox v. Mich. State Police Dep't*, 173 F. App'x 372, 376 (6th Cir. 2006); *Smithers ex rel. Norris v. City of Flint*, 602 F.3d 758, 766 (6th Cir. 2010)).

---

[2] 42 U.S.C. § 1985(2) states that it is unlawful for "two or more persons in any State or Territory [to] conspire to deter, by force, intimidation, or threat, any party or witness in any court of the United States from attending such court, or from testifying to any matter pending therein, freely, fully, and truthfully, or to injure such party or witness in his person or property on account of his having so attended or testified, or to influence the verdict, presentment, or indictment of any grand or petit juror in any such court, or to injure such juror in his person or property on account of any verdict, presentment, or indictment lawfully assented to by him, or of his being or having been such juror; or [for] two or more persons [to] conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws[.]" 42 U.S.C. § 1983 provides, in relevant part, that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable."

**III.**

Initially, the undersigned finds that all of Young's claims are time-barred -- regardless of whether he pursues such claims under § 1983 or § 1985. Civil rights claims brought in Ohio courts are subject to the two-year limitations period set forth in Ohio Rev. Code § 2305.11(A). *See Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir. 1989); *see also Dotson v. Lane*, 360 F. App'x 617, 620 (6th Cir. 2010); *Savage v. Unknown F.B.I. Agents*, No. 96-4230, 1997 U.S. App. LEXIS 25320, at *1 (6th Cir. Sept. 15, 1997). "The accrual date of a § 1983 action is a question of federal law[,]" under which the limitations period begins to run when "plaintiff [ ] knew or should have known of the injury which forms the basis of their claims." *Wallace v. Kato*, 549 U.S. 384, 388 (2007).

In this case, Young contends that the alleged due process violation was known -- or should have been known -- at the time the criminal charges were filed against him on January 6, 2000, and certainly no later than entry of his sentence on June 9, 2000. Doc. 2 at PageID 12. Young filed this action on April 9, 2018 -- almost 17 years after his sentencing, and 18 years after he was initially charged. *See* doc. 1. Accordingly, Young's claims are barred by the applicable two-year statute of limitations set forth in Ohio Rev. Code § 2305.11(A).

Even assuming, *arguendo*, that Young's claims are not time-barred, any claims asserted against Judges Kessler and Wiseman or the Defendant prosecutors (Phipps and Pohlman) in their official capacities are barred by the Eleventh Amendment. *See Mumford v. Basinski*, 105 F.3d 264, 270 (6th Cir. 1997); *see also Pusey v. City of Youngstown*, 11 F.3d 652, 657-58 (6th Cir. 1993). In addition, Judges Kessler and Wiseman are entitled to absolute judicial immunity when sued for damages in their personal capacity for acts performed as a judicial officer. *See Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997); *Stump v. Sparkman*, 435 U.S. 349, 356 (1978). Likewise Phipps and Pohlman are also entitled to absolute immunity for claims arising from acts

performed in their role as state prosecutors. *Grant v. Hollenbach*, 870 F.2d 1135, 1137 (6th Cir. 1989) (citing *Imbler v. Pachtman*, 424 U.S. 409, 420 (1976)).

Even in the absence of absolute immunity, the undersigned further finds that Young's vague and conclusory factual allegations are insufficient to state a plausible civil conspiracy claim against any of the Defendants. As stated by the Sixth Circuit:

> A civil conspiracy is an agreement between two or more persons to injure another by unlawful action. Express agreement among all the conspirators is not necessary to find the existence of a civil conspiracy. Each conspirator need not have known all of the details of the illegal plan or all of the participants involved. All that must be shown is that there was a single plan, that the alleged coconspirator shared in the general conspiratorial objective, and that an overt act was committed in furtherance of the conspiracy that caused injury to the complainant.

*Hooks v. Hooks*, 771 F.2d 935, 943-44 (6th Cir. 1985). "[P]leading requirements governing civil conspiracies are relatively strict" and, therefore, such "claims must be pled with some degree of specificity[.]" *Fieger v. Cox*, 524 F.3d 770, 776 (6th Cir. 2008). "[V]ague and conclusory allegations unsupported by material facts will not be sufficient to state . . . a [civil conspiracy] claim under § 1983." *Id.*

Finally, with regard to Defendant Gable, even assuming, *arguendo*, that claims against him are not time-barred -- which they are[3] -- he is not subject to § 1983 liability because: (1) he is not a state actor; and (2) there are no specific factual allegations upon which the Court can find he conspired with any state official to deprive Young of a constitutional right. *Cf. Elrod v. Michigan Supreme Court*, 104 F. App'x 506, 508 (6th Cir. 2004) (holding that a criminal defense attorney could not be liable under § 1983 because he was not a state actor and because there was no evidence that he acted in concert with state actors to deprive plaintiff of his constitutional

---

[3] For the reasons *supra*, Young's § 1983 claims against Gable are time-barred. To the extent that Young may also seek to claim that Gable's legal representation of him was in some way legal malpractice, the Court notes that malpractice is not actionable under § 1983, *see Washington v. Brewer*, No. 91-1935, 1991 U.S. App. LEXIS 28136, *1 (6th Cir. Nov. 21, 1991), and legal malpractice claims in Ohio are subject to a one-year limitations period, O.R.C. § 2305.11(A).

rights); *see also Holland v. O'Hair*, No. 97-1585, 1998 WL 152753, at *2 (6th Cir. Mar. 26, 1998) (dismissing a § 1983 claim against plaintiff's criminal defense attorneys because they were not "state actors for purposes of § 1983" and because his "allegations of conspiracy [were] vauge and conclusory and thus insufficient to state a claim").

## IV.

Based on the foregoing, the undersigned **RECOMMENDS** that *pro se* Plaintiff's complaint (doc. 2) be **DISMISSED,** and that this case be **TERMINATED** on the Court's docket.

Date:   April 18, 2018                                                s/ Michael J. Newman
                                                                      Michael J. Newman
                                                                      United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation. This period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d). Parties may seek an extension of the deadline to file objections by filing a motion for extension, which the Court may grant upon a showing of good cause.

Any objections filed shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based, in whole or in part, upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.

A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof. As noted above, this period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d).

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).